**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MARC LAMONIER,**

      **Petitioner,**

**vs.**                            **Case No. 4:26-cv-225-AW-MAF**

**ALLAN CROSBY,
JAIL ADMINISTRATOR,
LIBERTY COUNTY JAIL, et al.,**

      **Respondents.**
_____/

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, an immigration detainee being held at the Liberty County Jail, filed a habeas petition pursuant to 28 U.S.C § 2241 through counsel on May 11, 2026. ECF No. 1.[1] Petitioner alleges that his current detention without a bond hearing violates the Immigration and Nationality Act ("INA") and the Due Process Clause.[2] He seeks immediate release on conditions as well as fees and costs.

---

[1] It took Petitioner multiple attempts to properly redact protected information contained in the petition. <u>See</u> ECF Nos. 5, 7, 10. By the time he filed the properly redacted third amended petition, ECF No. 10, the Court had already corrected the issue by sealing the unredacted exhibit and requiring Respondent answer the second amended petition, ECF No. 7. <u>See</u> ECF No. 8. Therefore, the Court will refer to ECF No. 7 as the operative petition (hereinafter "petition").

[2] Because the Court recommends granting relief on Petitioner's INA claim, the Court will not address Petitioner's Fourth Amendment and APA claims. <u>See</u> *Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Shortly before the petition was filed, the Eleventh Circuit published its decision in <u>Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami</u>, No. 25-14065, --- F.4th ---, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026). Respondents contend "Petitioner is not in the same factual or legal situation as the petitioners in <u>Hernandez Alvarez</u>" because Petitioner originally entered the United States as an arriving alien in 2024 and was paroled, before being detained by law enforcement in Florida two years later. ECF No. 9 at 3-4. Respondents consider Petitioner subject to mandatory detention under 8 U.S.C § 1225.

## The § 2241 Petition

Petitioner is a citizen and national of Haiti. ECF No. 7 at 1. He entered the United States in July 2024 through the Ft. Lauderdale, Florida port of entry. ECF No. 9 at 2. He was denied admission but paroled through June 12, 2025 and lived in the United States. <u>Id.</u> at 2; ECF No. 7-1. Ultimately, the program he was paroled under terminated. <u>Id.</u> at 10. On March 24, 2026, Petitioner was encountered by law enforcement during a traffic stop in Florida as a passenger in the vehicle. <u>Id.</u> at 10-11. He was taken into immigration detention and transported to the Liberty County Jail in Bristol, Florida, where he has remained. He has not had a bond hearing before an immigration judge.

## Analysis

The Eleventh Circuit's opinion in <u>Hernandez Alvarez</u> is binding on this Court.[3] Mandatory detention under "§ 1225 applies to arriving aliens seeking entry at the border, whereas [discretionary detention under] § 1226 applies to aliens unlawfully in the interior." <u>Hernandez Alvarez</u>, 2026 WL 1243395, at *14. Where and when someone is apprehended matters. If they "were not applying for entry in any literal sense when they were detained" and were simply "present in the country," § 1226(a) controls, not § 1225. <u>Id.</u> at *8.

Petitioner was not an "arriving alien" who was "seeking admission" on March 24, 2026 when he was detained, as required for mandatory detention under § 1225; instead, he was a passenger in a car in Florida that was stopped for a traffic violation. <u>See</u> <u>Id.</u> at *1 (holding § 1225's no bond provision did not apply because "neither petitioner was seeking lawful entry into the United States after inspection by an immigration officer when he was arrested…in fact, neither petitioner was pursuing any object, let alone lawful

---

[3] On May 13, 2026, the issuance of the mandate was withheld. <u>See</u> ECF No. 76 of case 25-14065. This does not impact the opinion's binding precedential effect. <u>See</u> <u>Martin v. Singletary</u>, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and a stay of the mandate "in no way affects the duty of...the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

entry, when he was detained following a traffic stop").

The fact that Petitioner originally presented himself at a border crossing and sought lawful entry to the United States does not change the outcome. An immigration officer denied him admission two years ago and he was released on parole to live in the United States pending immigration proceedings. He is no longer "an arriving alien seeking entry at the border"— that ship has sailed. Instead, he was apprehended "within the interior" of the United States. These facts still fall squarely under Hernandez Alvarez. See, e.g., Mendes v. Ripa, et al., No. 3:26-CV-118-JEP-PDB, 2026 WL 1396160, at *1 (M.D. Fla. May 19, 2026) ("While [Hernandez Alvarez] did not specifically address the circumstance of an individual…who had been paroled into the country and whose parole had since expired, the reasoning of the opinion is equally applicable to Petitioner"); Garcia v. Warden, S. Fla. Det. Facility, No. 2:26-CV-1143-KCD-NPM, 2026 WL 1345914, at *3 (M.D. Fla. May 14, 2026) (same).

Respondents' arguments are foreclosed by the Eleventh Circuit. Because Petitioner is subject to discretionary detention under § 1226, and not mandatory detention under § 1225, he is entitled to an individualized bond hearing. The petition for writ of habeas corpus should be granted in part. Petitioner should also be allowed to separately move for reasonable

attorney's fees and costs by filing a motion with supporting documentation in accordance with the Equal Access to Justice Act, 8 U.S.C. § 2412(d)(1)(B).

## Recommendation

For the reasons discussed, it is respectfully **RECOMMENDED** that the 28 U.S.C § 2241 petition for writ of habeas corpus, ECF No. 7, be **GRANTED in part** and Respondents be required to provide Petitioner with an individualized bond hearing pursuant to § 1226(a) before an Immigration Judge within seven (7) days or, in the alternative, release Petitioner. It is further **RECOMMENDED** that this case should be closed without prejudice for Petitioner to move for fees and costs in accordance with 8 U.S.C § 2412(d)(1)(B).

**IN CHAMBERS** at Tallahassee, Florida on May 28, 2026.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).